```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**KEVIN T. GIVENS,**

            **Petitioner,**

        v.                          CASE NO.  12-3135-RDR

**CLAUDE MAYE, Warden,**
**USP-Leavenworth,**

            **Respondent.**

## O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. Having considered the materials filed, the court finds as follows.

Petitioner has filed a Motion to Proceed in forma pauperis (Doc. 2) together with financial information in support. Based upon this information, the motion is granted.

In the caption of his petition, Mr. Givens provides the criminal case number 04-00389-01. The court takes judicial notice of federal court records, which show this case as *United States v. Givens*, Case No. 04-cr-00389-DW-1, in which Mr. Givens was convicted in the United States District Court for the Western District of Missouri upon his plea of guilty of "unlawful transportation of firearms, etc." The docket sheet of this criminal case confirms that, as petitioner alleges, he did not directly appeal his conviction. It contains no indication that he has filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court.

Petitioner claims that he was erroneously designated as "Armed

Career Criminal" for sentencing purposes and that his sentence was improperly enhanced as a result. As factual support, he alleges that the government failed in his PSR (Presentence Investigation Report) to consolidate his prior convictions under 18 U.S.C. §§ 922(g)(1) and 924(e). He further alleges that he was "sentenced at 200 months, well beyond the top of the guideline range," and that the statutory maximum sentence was ten years. He seeks "resentencing to the appropriate sentence."

28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* That section additionally provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* It is well settled that a motion under § 2255, which must be filed in the district that imposed sentence, is the "exclusive remedy" for challenging a conviction or sentence unless there is a showing that the remedy is inadequate or ineffective. *See* 28 U.S.C. § 2255; *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). That remedy is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

A § 2241 petition has a distinct purpose from a § 2255 motion, and attacks the execution of a sentence rather than its validity. Claims appropriately brought under § 2241 include challenges to sentence credit or good time calculations, disciplinary actions, and parole decisions by U.S. Bureau of Prison's officials. A § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(*per curiam*), *cert. denied*, 377 U.S. 980 (1964).

Petitioner's allegations show that he did not present his claims on direct appeal to the Eighth Circuit Court of Appeals. They also indicate that he has not filed a § 2255 motion in the sentencing court, the denial of which could also have been appealed to the Eighth Circuit.[1] He states that it "is too late for filing" such a motion and that he "cannot file a § 2255" motion because "that remedy is not available to him on this issue."

28 U.S.C. § 2255 includes a one-year limitation period for federal prisoners to file § 2255 motions. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). Assuming that Mr. Givens failed to file a § 2255 motion within the one-year limitation period, and that any such motion filed at this time would likely be denied as time-barred,[2] these circumstances do not entitle him to review of his claims by this court

---

[1] The court declines to construe this petition as one brought pursuant to § 2255 and transfer it to the sentencing court because petitioner acknowledges that it would be untimely.

[2] Petitioner does not allege that he attempted to file a § 2255 motion in the sentencing court and show that he was entitled to equitable tolling of the limitations period.

under § 2241.  Instead, it is also well-settled that the remedy available § 2255 is not rendered inadequate or ineffective just because the movant is procedurally barred from proceeding on an untimely § 2255 motion. *United States v. Payne*, 644 F.3d 1111, 1113 (10th Cir. 2011)("It is irrelevant [to the issue of whether § 2255 is inadequate or ineffective] that a § 2255 motion would have been untimely by the time he filed [this] petition."); see *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002); *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998); *Sines v. Wilner*, 609 F.3d 1070, 1073-74 (10th Cir. 2010), *cert. denied*, 131 S.Ct. 997 (2011); *Caravalho*, 177 F.3d at 1178.

Petitioner apparently attempts to establish the jurisdiction of this court by asserting that he is "actually innocent" of the Armed Career Criminal designation.  However, he alleges no facts showing his actual innocence of any federal conviction.  In any event, his argument amounts to one of legal rather than factual innocence, which is of no avail.  He also cites 18 U.S.C. § 3231, which provides for federal district court jurisdiction over violations of federal criminal statutes.  He does not suggest how this statute establishes this court's jurisdiction over his challenges to a sentence entered by another federal district court that had jurisdiction over his federal crimes.  His bald allegations that he "qualifies for relief under the savings clause" and "it is in the interest of justice" as well as his bald citations to "federal question jurisdiction" and Article III do not establish that this court has acquired jurisdiction over his claims simply by virtue of his confinement

within this judicial district.  Petitioner's claims are clearly ones that should have been presented to the sentencing court and the appropriate Court of Appeals.  In short, this court simply does not have jurisdiction to hear challenges to Mr. Givens' federal sentence entered by another federal district court or to order another federal district court to resentence him.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief denied, without prejudice.

**IT IS SO ORDERED.**

**DATED:  This 20th day of July, 2012, at Topeka, Kansas.**

> <u>s/RICHARD D. ROGERS</u>
> **United States District Judge**